# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| v. | ) Case No.: 1:23-cr259-TJK-1 <br> ) Hon. Timothy J. Kelly <br> ) Sentencing Date: November 30, 2023 <br> )        at 2:00 p.m. (ZOOM) |
| **LOUIS MICHAEL CIAMPI, JR.,** | ) |
| **Defendant.** | ) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, LOUIS MICHAEL CIAMPI, JR. by and through his counsel of record, Marc B. Geller, A.P.C., hereby files the defendant's sentencing memorandum in the above-captioned manner. For reasons discussed below, Mr. LOUIS MICHAEL CIAMPI respectfully submits that a sentence of 12 months probation is sufficient but not greater than necessary to achieve the purpose of sentencing. It is respectfully submitted that this sentence would most accurately address the concerns of 18 U.S.C. §3553.

### I. STATEMENT OF FACTS AND PROLOGUE TO JANUARY 6, 2021

At the beginning of January, LOUIS MICHAEL CIAMPI, traveled from his home in San Diego to Clifton Heights, Pennsylvania to visit his 85-year-old father and 85-year-old mother and celebrate the holidays. After arriving in Pennsylvania, he read a post on social media about the rally then President Trump planned to take place on January 6, 2021. He viewed another post that had a schedule for the rally planned for January 6th. Mr. CIAMPI supported Donald Trump and decided to attend the rally. Mr. CIAMPI telephoned a friend, who also wished to attend the rally. At the rally, Trump called for support from the attendees, telling them that the election was

"rigged". Mr. CIAMPI, and his friend, listened to other speakers who encouraged the attendees to continue to support Donald Trump. After Donald Trump told the crowd to walk to the Capitol, explaining that he would also walk to the Capitol, the crowd began walking toward the building. Mr. CIAMPI followed the crowd through the previously breached barricades, walked over the Capitol lawn and subsequently up the stairs that were to the left side of the Capitol building. He then found two American flags on the ground and handed one to his friend. At approximately 2:50 p.m. Mr. CIAMPI entered the Capitol by climbing through an open window in the area of the Senate wing door. He then walked, with the crowd, down a hallway to a small office. Due to the size of the crowd, Mr. CIAMPI was unable to observe whose office he was entering. Once he entered the office, an unknown individual handed him a marijuana joint. Mr. CIAMPI smoked two or three puffs of marijuana. After observing others engaged in damaging government property, Mr. CIAMPI attempted to immediately leave the Capitol building. But was detained along with a large number of other individuals in the Crypt. Due to the large number of individuals inside, he was unable to leave the Capitol until 3:30 p.m.

LOUIS CIAMPI looks back on the events of January 6, 2021, with regret. He expresses remorse for his actions. He planned to attend the rally on January 6th; however, he had no idea that the rally that was planned would turn into a melee witnessed by the world. When he entered the Capitol, he only planned to photograph other attendees and possibly Trump, if he was able to see him inside of the Capitol. He found himself being swept along and is regretful for his conduct. Nonetheless, he accepts responsibility for his actions. He feels sadness and is frightened about what could happen at sentencing. He is truly ashamed of his actions.

///

///

## II.     THE INDIVIDUAL BEFORE THE COURT

LOUIS MICHAEL CIAMPI, JR. is a 54-year-old single United States Citizen. He was born in Havertown, Pennsylvania. He currently resides in Carlsbad, California. He is currently employed as an executive neuroscience sales specialist with a large healthcare organization in San Diego, California. With the exception of the Eastern District of North Carolina, where he was granted diversion, 23 years ago, he has no prior criminal record. The instant offense will be his only misdemeanor conviction.

## III.     THE ADVISORY SENTENCING RANGE

The applicable sentencing statutes provide that a sentencing court "shall impose a sentence sufficient, but not greater than necessary to accomplish the objectives of sentencing." 18 U.S.C. §3553(a), 3582(a), and 3661. In arriving at the appropriate sentence, section 3553(a) directs sentencing courts to consider: (1)the nature and circumstances of the offense; (2) the history and characteristics of the offender; (3) the need to impose to reflect the seriousness of the offense, to promote respect for the law and to provide just punishments for the offense; (4) the need to impose adequate deterrence; (5) to protect the public from further crimes; (6) and the need to avoid unwarranted sentencing disparities, among other things. 18 U.S.C §3553.

### A.  THE NATURE AND CIRCUMSTANCES OF THIS OFFENSE

Mr. CIAMPI acknowledges that the insurrection at the Capitol, on January 6, 2021, was serious. However, his involvement was limited to illegally entering the Capitol when it was closed, and with others present, interrupted, and delayed the certification of the vote count of the

electoral college of the 2020 presidential election. He also smoked marijuana inside the Capitol in violation of the law. He further acknowledges that walking into the Capitol through a window to gain entry a Capitol was illegal and stupid. However, Mr. CIAMPI did not damage anything or commit any other illegal acts while inside the Capitol building.

**B. IMPOSITION OF A SENTENCE THAT IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSE OF 18 U.S.C. § 3553(a)**

**1. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:**

Mr. CIAMPI appreciates the serious nature of his conduct, he acknowledges that he traveled to Washington, D.C., to express his political support and that he quickly found himself in the middle of an escalating situation that became an out-of-control riot. As soon as he realized that other people's rage was taking over, he attempted to leave the Capitol. Mr. CIAMPI appreciates the fact that he must be sanctioned for his illegal activities that day.

**2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant:**

Mr. CIAMPI was debriefed at the Federal Bureau of Investigation office in San Diego. He answered all questions posed by the agents and Assistant United States Attorney. Mr. CIAMPI's background displays an individual who has been law-abiding his entire life. He was a strong supporter of Donal Trump and traveled to Washington, D.C. on January 6th only to hear him speak. As result of the trauma he has faced as a result of this case, he has become apolitical. He has a college degree and is totally embarrassed about his conduct on January 6th. He has no prior

criminal history and it is respectfully submitted that a custodial sentence is unnecessary to deter him from future criminal conduct; nor is it necessary for public protection.

3. **The kinds of sentences available and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:**

Mr. CIAMPI did not plan to enter the Capitol, on January 6, 2021. He traveled to Washington, D.C. to the rally and to show his support for Donald Trump. He followed the crowd to the Capitol. There are no allegations that Mr. CIAMPI engaged or encouraged any violence. There are no allegations that Mr. CIAMPI damaged any property. There is no evidence that the Defendant destroyed evidence. Although Mr. CIAMPI took many photographs, he did not post any photographs or statements on social media. He did not encourage other people to engage in any type of illegal conduct. He fully cooperated with the FBI and law enforcement. He has accepted responsibility and is responsible for his conduct. He has no prior criminal record. He acknowledges that a great deal of damage took place on January 6, 2021. He also realizes that individuals were seriously injured and unfortunately, several died. In the Presentence Report, Mr. CIAMPI acknowledged that it was a really dumb choice to chase the President around; and that the he feels "stupid and embarrassed".

A custodial sentence would likely result in Mr. CIAMPI's termination of employment at his healthcare company It is respectfully submitted that Mr. CIAMPI's conduct like the conduct of other individuals on January 6th, does not warrant a custodial sentence. Mr. CIAMPI has been fully compliant with his conditions of Pre-Trial release. If not incarcerated, it is likely that he will remain gainfully employed and a productive member of society. Mr. CIAMPI acknowledges that the gravity of the conduct of the individuals were in the Capitol on January 6th, demands general deterrence. The conduct that took place inside of the Capitol on January 6th, 2021, was not an

exercise of First Amendment Rights. However, as this Court is aware, the Government has charged hundreds of individuals for their roles in the events that took place on January 6th. It is important to distinguish the relevant conduct of the various individuals who took part in this riot.

U.S.C. §3553 (a)(6) directs the sentencing court to consider the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct. It is respectfully submitted that individuals like Mr. CIAMPI, who were illegally inside the Capitol on January 6th, but did not damage property, or encourage others to engage in any type of illegal activity, received a non-custodial sentence. Congress's goal in enacting §3553 was to promote national uniformity in sentencing as well. It is noteworthy that Class B misdemeanors are not subject to the sentencing guidelines. Accordingly, §3553(a) is even more important than in cases where the advisory guidelines apply. It is respectfully submitted that a non-custodial sentence will not result in an unwarranted sentencing disparity among Defendant's with similar records who have been who have been found guilty of similar conduct.

**IV. CONCLUSION**

Sentencing requires the Court to carefully balance the factors set forth in U.S.C §3553(a). Pursuant to U.S.S.G. § 1B1.9, the United States Sentencing Guidelines do not apply. Balancing the Sentencing Factors, the defense submits that the recommendation made by the Probation Department is fair, just, and reasonable; it is therefore respectfully submitted that a sentence of Probation for 12 months, with community service and the agreed upon restitution is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law and

to provide just punishment for the offense. Additionally, it is adequate for general deterrence and to protect the public from further crimes of the defendant.

DATED: November 13, 2023

Respectfully submitted,
*/s/ Marc B. Geller*
MARC B. GELLER
Attorney for Defendant
**LOUIS MICHAEL CIAMPI, JR.**